I concurred in the decision of this Court to deny certiorari review of any of the holdings by the Court of Criminal Appeals necessary to its affirmance of the defendant's *Page 392 
adjudication of guilt. I likewise concurred in the decision of this Court to grant certiorari review only on the issue of whether the trial court properly applied the § 13A-5-49(8), Ala. Code 1975, heinous-atrocious-cruel aggravating circumstance in order to sentence the defendant to death. On this one issue addressed by the main opinion, I respectfully dissent.
 "A capital sentencing scheme must, in short, provide a `"meaningful basis for distinguishing the few cases in which [the [death] penalty] is imposed from the many cases in which it is not."' [Gregg v. Georgia, 428 U.S. 153, 188, 96 S.Ct. 2909, 49 L.Ed.2d 859
(1976),] quoting Furman v. Georgia, [408 U.S. 238, 313, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972),] (White, J., concurring).
 "That means that if a State wishes to authorize capital punishment it has a constitutional responsibility to tailor and apply its law in a manner that avoids the arbitrary and capricious infliction of the death penalty. Part of a State's responsibility in this regard is to define the crimes for which death may be the sentence in a way that obviates `standardless [sentencing] discretion.' Gregg v. Georgia, supra, at 196, n. 47, 96 S.Ct. 2909. See also Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 [(1976)]; Jurek v. Texas, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929
[(1976)]. It must channel the sentencer's discretion by `clear and objective standards' that provide `specific and detailed guidance,' and that `make rationally reviewable the process for imposing a sentence of death.'"
Godfrey v. Georgia, 446 U.S. 420, 427-28, 100 S.Ct. 1759,64 L.Ed.2d 398 (1980) (footnotes omitted, some alterations original, one new). The main opinion in the case now before us demonstrates the worsening failure of Alabama caselaw defining and applying the heinous-atrocious-cruel aggravating circumstance to meet the requirements of Godfrey. The definition and criteria for this aggravating circumstance, as identified and applied by the main opinion, will not foreclose the heinous-atrocious-cruel aggravating circumstance with any predictable consistency unless the murderer catches the victim instantly, kills the victim quickly, painlessly, and neatly, and gets the (dead) victim to the doctor promptly.
Articulating a definition and criteria for this aggravating circumstance that will consistently meet the requirements ofGodfrey is admittedly difficult. The Alabama definition, "conscienceless or pitiless homicides which are unnecessarily torturous to the victim," Ex parte Kyzer, 399 So.2d 330, 334
(Ala. 1981), confronts the courts with the absurd task of articulating the proper way to commit a murder. In an effort to discriminate between the murders which support this aggravating circumstance and the murders which do not, the main opinion and our precedents, in effect, adopt the criteria of how mentally painful, how physically painful, how gory, and how long. While all of these criteria are matters of degree, the main opinion and our precedents do not, and as a practical, social, and political matter cannot, quantify the maximum degrees that still will not warrant a finding of this aggravating circumstance. Without such quantification, the courts can find or hold the facts of most murders to fulfill some or all of these criteria and thereby to warrant a finding of this aggravating circumstance. Therefore, each of these cases is being decided subjectively, contrary toGodfrey, supra, and usually adversely to the defendant, because of the horror, heartbreak, and outrage of nearly every murder.
This aspect of our "capital sentencing scheme" does not "provide a meaningful *Page 393 
basis for distinguishing the few cases in which the [death] penalty is imposed from the many cases in which it is not."Godfrey, supra, at 427-28, 100 S.Ct. 1759 (internal quotation marks and original brackets omitted). Indeed, for heinous-atrocious-cruel-claim cases in Alabama, the numbers are the other way around. Contrary to Godfrey, the main opinion and other Alabama caselaw do not "make rationally reviewable the process for imposing a sentence of death," id., on the basis of this aggravating circumstance.
I respectfully submit that the only way for the courts of this state consistently to meet the requirements of Godfrey will be for this Court to revise the judicial definition of this aggravating circumstance to include only murders accompanied by intentional torture. Because the murder in the case now before us does not meet this definition, I respectfully submit that this case should be reversed and remanded with instructions that the death sentence be vacated and that the defendant be resentenced to life imprisonment without the possibility of parole.